**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: ) | | CHAPTER 7 CASE |
| MARKWELL HILLSIDE LLC ) | | |
| f/d/b/a HOLIDAY INN HILLSIDE, ) | | CASE NO. 05-04073 |
| ) | | |
| ) | | JUDGE CAROL A. DOYLE |
| Debtor(s) ) | | |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE CAROL A. DOYLE, BANKRUPTCY JUDGE

NOW COMES RICHARD M. FOGEL, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report in accordance with 11 U.S.C. §704(9).

1. MARKWELL HILLSIDE LLC filed a Chapter 11 petition commencing this case on February 8, 2005. The case was converted to a case under Chapter 7 on January 30, 2007. RICHARD M. FOGEL was appointed as the Chapter 7 trustee ("Trustee") on January 30, 2007. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is 0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of January 26, 2009 is as follows:

   a.   RECEIPTS (See Exhibit C)                                   $123,855.90

   b.   DISBURSEMENTS (See Exhibit C)                              $56,737.79

{5606 RPT A0224405.DOC}

  c. NET CASH available for distribution         $67,118.11

  d. TRUSTEE/PROFESSIONAL COSTS

    1. Trustee compensation requested         $9,343.91

    2. Trustee Expenses         $4.68

    3. Compensation requested by attorney or other professionals for trustee         $13,897.03

5. The Bar Date for filing unsecured claims expired on. The DIP report was filed on February 16, 2007. The Bar Date for filing DIP claims expired on May 31, 2007.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

  a. Allowed unpaid Secured Claims         0.00

  b. Chapter 7 Administrative and 28 U.S.C. §1930 Claims         $23,245.62

  c. Allowed Chapter 11 Administrative Claims         $431,091.51

  d. Allowed Priority Claims         $382,640.57

  e. Allowed Unsecured Claims         $13,912,693.98

7. Trustee proposes that unsecured creditors receive a distribution of 0.00% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $19,888.95. Professional's compensation and expense requested but not yet allowed is $13,897.03. The total of Chapter 7 professional fees and expenses requested for final allowance is $33,785.98.

9. A fee of $34,161.00 was paid to Debtor's counsel as a retainer for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329. Chapter 11 professionals' fees and expenses were allowed and/or paid pursuant to Court order(s) as follows:

| Applicant | Nature of Expense | Amount Allowed |
|---|---|---|
| Joel A. Schechter | Attorney for Debtor Fees | $18,444.59 |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated: February 5, 2009   By: */s/ Richard M. Fogel*
RICHARD M. FOGEL, TRUSTEE
SHAW GUSSIS
321 N. CLARK STREET
SUITE 800
CHICAGO, IL 60654

{5606 RPT A0224405.DOC}