IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Markwell Hillside, LLC** | ) | No. 05 B 04073 |
| | ) | |
| 38-3666655 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Carol A. Doyle |

## SECOND AND FINAL APPLICATION
## OF ALAN D. LASKO & ASSOCIATES, P.C.
## FOR ALLOWANCE COMPENSATION AND EXPENSES

ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C., Certified Public Accountants, request second and final compensation of $3,413.50 and expenses of $156.28 for the time period from February 13, 2008 through January 22, 2009. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached as Exhibit A is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this Second and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

MARKWELL HILLSIDE, LLC

The statutory predicates for the relief requested herein are sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 11 of the Federal Bankruptcy Code on or about February 8, 2005 and a Trustee was subsequently appointed. The proceedings then converted to a petition under Chapter 7 on January 30, 2007. On July 26, 2006, Alan D. Lasko & Associates, P.C. was approved by the Court as the accountants for the Trustee in the Chapter 11 proceedings. Subsequent to the conversion to Chapter 7, Alan D. Lasko & Associates, P.C. was also approved by the Court as the accountants for the Chapter 7 Trustee. Reflected in this fee petition is the Applicant's time for preparing the years 2008 and 2009 (short period final) income tax returns of the Estate.

# MARKWELL HILLSIDE, LLC

A recap of compensation requested is as follows:

|  | Amount |
|---|---|
| Billing | $ 109.00 |
| Year-End Work | 3,304.50 |
|  | $ 3,413.50 |

The Applicant has received compensation for the time period July 26, 2006 through December 14, 2006 for fees of $10,237.90 and expenses of $36.80 regarding services rendered during the Chapter 11 proceedings.

The Applicant has received compensation for the post Chapter 11 time period (the Chapter 7 time period) from December 15, 2006 through February 12, 2008 for fees of $19,850.70 and expenses of $38.25.

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA

Mr. Lasko has worked primarily in the bankruptcy field over the last 23 years. He brings his 32 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA).

MARKWELL HILLSIDE, LLC

Mr. Lasko is also a member of the American Bankruptcy Institute, the National Association of Bankruptcy Trustees, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

James Delahunt, JD, CPA, MST – Tax Manager

Mr. Delahunt has worked primarily in the field of taxation for over 28 years. He has worked in most areas of taxation, including but not limited to, business returns, individual returns, as well as estates and trusts. Mr. Delahunt has worked in the field of insolvency during this time period as well. Mr. Delahunt is an attorney and a certified public accountant and has his Masters in Taxation. He is a member of the American Bar Association, American Institute of Certified Public Accountants and Illinois CPA Society.

Susan J. Kilgore, CPA – Manager

Ms. Kilgore has 31 years of experience working as a manager and staff person in public accounting. She has worked for a large and small accounting firm over this period. She has substantial experience working primarily with commercial accounts of all sizes performing audits and year-end accounting and tax preparation. She also has worked with a variety of different types of for-profit and not-for-profit companies. She has an undergraduate degree in accounting and achieved the National Honor Society for Business Administration while in school. She is a certified public accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.

MARKWELL HILLSIDE, LLC

Denise C. Konomidis, CPA – Tax Senior

Ms. Konomidis has 7 years of experience performing tax preparation and tax planning in public accounting. She has worked for a large and small public accounting firm and tax planning firm over this period. She has worked with commercial and individual accounts of various sizes. She has an undergraduate degree in Accounting from the University of Illinois. She is a certified public accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.

Connie Lee – Staff

Ms. Lee is a second-year staff person performing accounting and tax services. Ms. Lee has a Bachelor of Accounting from DeVry University.

STAFF – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

MARKWELL HILLSIDE, LLC

ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**FEE APPLICATION**

The fees sought by this Second and Final Fee Application reflect an aggregate of 23.0 hours of ADLPC's time spent and recorded in performing services during the Second and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other periond.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

MARKWELL HILLSIDE, LLC

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

**BREAKDOWN BY CATEGORIES**

The categories in this Application as listed below:

BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

    Cost                $109.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 255.00 | $ 51.00 |
| C. Wilson, Staff | 1.0 | 58.00 | 58.00 |
|  | 1.2 |  | $ 109.00 |

**YEAR-END WORK**

The Applicant incurred 21.8 hours in preparation of the Estate's years 2008 and 2009 (short period final) Federal and State income tax returns.

7

MARKWELL HILLSIDE, LLC

The work also included the following:

- Summarized Trustee's Forms 1 for each tax period.
- Calculated final discharge of indebtedness for income tax purposes of the Estate.
- Prepared Internal Revenue Service 60-day letters for 2008 and 2009 (short period final).

    Cost                    $3,304.50

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko (Post 01/01/09) | 4.9 | $ 255.00 | $ 1,249.50 |
| A. Lasko (Pre 01/01/09) | 1.8 | 245.00 | 441.00 |
| S. Kilgore, Manager | 0.4 | 195.00 | 78.00 |
| D. Konomidis, Tax Senior | 2.7 | 160.00 | 432.00 |
| C. Lee, Staff | 12.0 | 92.00 | 1,104.00 |
|  | 21.8 |  | $ 3,304.50 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| Owner | $200 | - | $275 |
|---|---|---|---|
| Manager/Director | 175 | - | 200 |
| Supervisors | 160 | - | 175 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the

MARKWELL HILLSIDE, LLC

amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

Year-End Work     $156.28

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 11 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
>   (A)    the time spent on such services;
>
>   (B)    the rates charged for such services;
>
>   (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

9

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Second and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would change throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issued involved. As shown by this Second and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the second and final compensation sought herein for the Compensation Period is warranted.

MARKWELL HILLSIDE, LLC

**CONCLUSION AND REQUEST FOR RELIEF**

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested second and final compensation of $3,413.50 and expenses of $156.28 should be allowed for services by your Applicant for the period February 13, 2008 through January 22, 2009. In addition, the interim fee applications are requested to be finalized at this time.

_____
Alan D. Lasko


Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Markwell Hillside, LLC | ) | No. 05 B 04073 |
| | ) | |
| 38-3666655 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Carol A. Doyle |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
            ) SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1. I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Richard M. Fogel, Chapter 7 Trustee in this case ("Trustee").

2. I have read the Second and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Lasko has previously received payments for services rendered in connection with this case from the Trustee for the Chapter 11 period (see Number 4 below). The Firm has not received fees during the Chapter 7 proceedings. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

4. The Applicant has received compensation for the time period July 26, 2006 through December 14, 2006 for fees of $10,237.90 and expenses of $36.80 regarding services rendered during the Chapter 11 proceedings.

5. The Applicant has received compensation for the post Chapter 11 time period (the Chapter 7 time period) from December 15, 2006 through February 12, 2008 for fees of $19,850.70 and expenses of $38.25.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _23rd_ day of January, 2009.

_____
Notary Public

[OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/11/12]

13

1/23/2009 Alan D. Lasko & Associates, P.C.
1:35 PM Pre-bill Worksheet  Page 1

## Selection Criteria

| Clie.Selection | Include: MarkwellHil.002; MarkwellHil.012 |

Nickname      MarkwellHil.002 | 2543
Full Name     Markwell Hillside, LLC
Address       c/o Richard M. Fogel, Trustee
              321 N. Clark St.
              Suite 800
              Chicago IL 60610
Phone 1                                   Phone 2
Phone 3                                   Phone 4
In Ref To     tax prep
Fees Arrg.    By billing value on each slip
Expense Arrg. By billing value on each slip
Tax Profile   Exempt
Last bill     2/12/2008
Last charge   1/21/2009
Last payment  3/21/2008           Amount      $18,229.95

| Date / ID | User / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 6/12/2008 65120 | A. Lasko 800 | 245.00 | 0.40 | 98.00 | Billable |
| | served with subpeona by Roti's attorneys re: Allied lawsuit he assumed... al contacted firm prof liability insurance carrier in crafting a response to the subpeona (n/c for trustee call yesterday regarding this) | | | | |
| 7/16/2008 65700 | S. Kilgore 800 | 195.00 | 0.40 | 78.00 | Billable |
| | Help staff look for files | | | | |
| 7/16/2008 69657 | C. Lee 800 | 92.00 | 2.90 | 266.80 | Billable |
| | at trsutee's request, searched files for information related to Roti's attortneys subpeona of documents | | | | |
| 7/21/2008 65778 | A. Lasko 800 | 245.00 | 1.40 | 343.00 | Billable |
| | review of copies made and review of system for additional copies to turn over to counsel, prep letter to counsel regarding same | | | | |
| 1/7/2009 69304 | A. Lasko 800 | 255.00 | 0.40 | 102.00 | Billable |
| | review of data received from trustee and set up staff for year end work 08 | | | | |
| 1/7/2009 69317 | C. Lee 800 | 92.00 | 2.90 | 266.80 | Billable |
| | preparation of 2008 workpapers and year end tax returns | | | | |

| 1/23/2009 | Alan D. Lasko & Associates, P.C. | |
|---|---|---|
| 1:35 PM | Pre-bill Worksheet | Page  2 |

**MarkwellHil.002:Markwell Hillside, LLC (continued)**

| Date<br>ID | User<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 1/8/2009<br>69389 | A. Lasko<br>800<br>review of data received from trustee and set up staff for final short period 2009 tax work | 255.00 | 0.70 | 178.50 | Billable |
| 1/8/2009<br>69393 | C. Lee<br>800<br>preparation of 2009 final workpapers and tax returns | 92.00 | 2.10 | 193.20 | Billable |
| 1/8/2009<br>69394 | C. Lee<br>800<br>preparation of 2008 workpapers and year end tax returns | 92.00 | 2.70 | 248.40 | Billable |
| 1/20/2009<br>69640 | A. Lasko<br>800<br>prepared corrections to net operating loss carryforward for regular and alternative minimum tax for 2008 | 255.00 | 0.90 | 229.50 | Billable |
| 1/20/2009<br>69651 | D. Konomidis<br>800<br>review of workpapers and tax returns for 08 and 09 final- detailed tracing only. | 160.00 | 2.70 | 432.00 | Billable |
| 1/21/2009<br>69658 | A. Lasko<br>800<br>prepared corrections to net operating loss to final short period tax return and calculation of discharge of indebtedness income for income tax purposes | 255.00 | 1.10 | 280.50 | Billable |
| 1/21/2009<br>69659 | A. Lasko<br>800<br>preparation of irs 60 day letters for 2008 and 2009 final | 255.00 | 0.50 | 127.50 | Billable |
| 1/21/2009<br>69663 | A. Lasko<br>800<br>sign off of federal and state tax returns for 08 and short period 09 final as well as IRS 60 day copies for each and the related irs 60 day letters | 255.00 | 0.90 | 229.50 | Billable |
| 1/21/2009<br>69665 | C. Lee<br>800<br>Estimated time to preapare the estate's final informaiton tax returns and cover letter to trustee | 92.00 | 1.40 | 128.80 | Billable |
| 1/21/2009<br>69666 | A. Lasko<br>800<br>Estimated time to review the estate's final infomraiton tax returns and cover letter to trustee | 255.00 | 0.40 | 102.00 | Billable |

1/23/2009                          Alan D. Lasko & Associates, P.C.
1:35 PM                               Pre-bill Worksheet                          Page    3

MarkwellHil.002:Markwell Hillside, LLC (continued)

|       |               |        | Amount | Total |
|-------|---------------|--------|--------|-------|
| TOTAL | Billable Fees | 21.80  |        | $3,304.50 |

| Date<br>ID | User<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 7/21/2008<br>65810 | C. Wilson<br>116<br>Delivery to Peter Sullivan - confirmation #2741096 | 8.00 | 1.000 | 8.00 | Billable |
| 7/23/2008<br>65838 | A. Lasko<br>115<br>photocopy costs - copies made of returns and papers per subpeona request (1,075 @ $.10) | 107.50 | 1.000 | 107.50 | Billable |
| 1/21/2009<br>69664 | A. Lasko<br>115<br>photocopy costs - copies of the 2008 and short period final 09 federal and state income tax returns and irs 60 day copies and letters (210 @ $.10) | 21.00 | 1.000 | 21.00 | Billable |
| 1/21/2009<br>69673 | C. Wilson<br>104<br>Overnight mail to Richard Fogel - UPS tracking #1Z14Y8F40195920804 | 19.78 | 1.000 | 19.78 | Billable |

| TOTAL | Billable Costs | | | | $156.28 |
|---|---|---|---|---|---|

### Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable time slips | $3,304.50 | |
| Total of Fees (Time Charges) | | $3,304.50 |
| Costs Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable expense slips | $156.28 | |
| Total of Costs (Expense Charges) | | $156.28 |
| Total new charges | | $3,460.78 |

1/23/2009  
1:35 PM

Alan D. Lasko & Associates, P.C.  
Pre-bill Worksheet

Page 4

MarkwellHil.002:Markwell Hillside, LLC (continued)

|  | Amount | Total |
|---|---|---|
| **Previous Balance** | | |
| 120 Days | $18,229.95 | |
| Total Previous Balance | | $18,229.95 |
| **Accounts Receivables** | | |
| Date|ID  Type  Description | | |
| 3/21/2008 PAY  Payment - thank you  7189 | ($18,229.95) | |
| Total Accounts Receivable | | ($18,229.95) |
| **New Balance** | | |
| Current | $3,460.78 | |
| **Total New Balance** | | $3,460.78 |

| | | | | | |
|---|---|---|---|---|---|
| 1/23/2009 | | Alan D. Lasko & Associates, P.C. | | | |
| 1:35 PM | | Pre-bill Worksheet | | Page | 5 |

| | |
|---|---|
| Nickname | MarkwellHil.012 \| 2544 |
| Full Name | Markwell Hillside, LLC |
| Address | c/o Richard M. Fogel, Trustee |
| | 321 N. Clark St. |
| | Suite 800 |
| | Chicago IL 60610 |
| Phone 1 | Phone 2 |
| Phone 3 | Phone 4 |
| In Ref To | fee petition |
| Fees Arrg. | By billing value on each slip |
| Expense Arrg. | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | 2/12/2008 |
| Last charge | 1/22/2009 |
| Last payment | 3/21/2008     Amount     $405.00 |

| Date | User | Rate | Hours | Amount | Total |
|---|---|---|---|---|---|
| ID | Task | Markup % | DNB Time | DNB Amt | |
| 1/21/2009 | C. Wilson | 58.00 | 1.00 | 58.00 | Billable |
| 69678 | 800 | | | | |
| | Prepared fee petition. | | | | |
| 1/22/2009 | A. Lasko | 255.00 | 0.20 | 51.00 | Billable |
| 69680 | 800 | | | | |
| | preparation of fee petition | | | | |
| TOTAL | Billable Fees | | 1.20 | | $109.00 |

Total of billable expense slips                                                                          $0.00

### Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|

Fees Bill Arrangement: Slips
By billing value on each slip.

| | | |
|---|---|---|
| Total of billable time slips | $109.00 | |
| Total of Fees (Time Charges) | | $109.00 |
| Total of Costs (Expense Charges) | | $0.00 |
| Total new charges | | $109.00 |
| Previous Balance | | |
| 120 Days | $405.00 | |

| | | |
|---|---:|---:|
| 1/23/2009 | Alan D. Lasko & Associates, P.C. | |
| 1:35 PM | Pre-bill Worksheet | Page    6 |

MarkwellHil.012:Markwell Hillside, LLC (continued)

| | Amount | Total |
|---|---:|---:|
| Total Previous Balance | | $405.00 |
| **Accounts Receivables** | | |
| Date|ID    Type   Description | | |
| 3/21/2008 PAY   Payment - thank you | ($405.00) | |
| 7187 | | |
| Total Accounts Receivable | | ($405.00) |
| New Balance | | |
| Current | $109.00 | |
| Total New Balance | | $109.00 |